# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARK ANTHONY CRISCIO,** ) | |
| **Plaintiff** ) | |
| ) | |
| **v** ) | **Case No.:** |
| ) | |
| **GLOBAL CREDIT & COLLECTION** ) | **COMPLAINT AND DEMAND FOR** |
| **CORPORATION,** ) | **JURY TRIAL** |
| **Defendant** ) | |
| ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

MARK ANTHONY CRISCIO, ("Plaintiff") by his attorney, Angela K. Troccoli, Esquire, alleges the following against GLOBAL CREDIT & COLLECTION CORPORATION, ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of Connecticut and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.


## PARTIES

6.      Plaintiff is a natural person residing in Killingworth, Connecticut, 06419 at the time of the alleged harassment.

7.      Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

8.      Defendant is a national debt collection company with its corporate headquarters located at 300 International Drive, PMB 10015, Williamsville, New York, 14221.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.


## PRELIMINARY STATEMENT

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.    In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.    In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692b.

14.    Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.    At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.    The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17.    Beginning in or around April 2010 and continuing until September 24, 2010, Defendant, its agents, employees, and servants, engaged in debt collection activities seeking payment from Plaintiff.

18.    Defendant and its employee identified as "Curt Jones," harassed Plaintiff in an attempt to collect the alleged debt.

19.    Defendant, its employees and servants harassed Plaintiff by making continuous calls to his home telephone number, cellular telephone number and work telephone number.

20.    At times, Defendant and its employees would contact Plaintiff two (2) to four  (4) times a day.

21.    Defendant placed repeated calls to Plaintiff's telephone causing Plaintiff to receive, at times, more than ten (10) collection calls a week and more than twenty (20) collection calls a month.

22.    Plaintiff on numerous occasions has verbally demanded that Defendant cease and desist from calling him.

23.    Despite Plaintiff's verbal requests, Defendant continued to place harassing

4

telephone calls, often times calling Plaintiff's cellular telephone and then immediately after calling Plaintiff's home telephone.

24.    Defendant has contacted Plaintiff before 8:00 o'clock in the morning, specifically on September 7, 2010 at 7:38 a.m.

25.    On September 24, 2010, Defendant left a voice message for Plaintiff threatening him that he had until the end of the day to call Defendant back or else his [Plaintiff's] account would be sent to someone higher up.

26.    On several occasion Defendant has threatened to take Plaintiff to court, make him pay court fees, put a lean on his house, take away his personal property, and ruin his credit if Plaintiff did not pay the alleged debt.

27.    On at least three (3) occasions, Defendant has contacted Plaintiff's mother, the most recent being September 20, 2010.

28.    Defendant has informed Plaintiff's mother that it was looking for Plaintiff in order to collect a debt and threatened to take further action if the matter was not taken care of quickly.

29.    Plaintiff has been put into an embarrassing position with his mother, due to Defendant's harassing telephone calls.

30.    To date, despite threats to the contrary, Defendant has not filed a lawsuit or taken other legal action against Plaintiff, thereby indicating it did not intend to take the action previously threatened.

31.    Within five (5) days after the initial communication with Plaintiff back in April 2010, Defendant did not send written communication notifying Plaintiff of his rights and privileges under the law, specifically the right to dispute and/or request verification of the

alleged debt.

32.     Defendant's constant harassing telephone calls have left Plaintiff feeling nervous, sick to his stomach and the worry has kept him from sleeping at night.

33.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

34.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."  Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

35.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer."  Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

36.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc.,

869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."  Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  Clomon, 988 F. 2d at 1318.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

37.   In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

a.   When it communicated to a third party and stated that Plaintiff owed a debt, specifically his mother, in violation of 15 U.S.C. §1692b(2);

b.   When if communicated with a third party, specifically Plaintiff's mother, more than once about an alleged debt owed by Plaintiff, without good faith to so do, in violation of 15 U.S.C §1692b(3);

c.   When it communicated with the Plaintiff at any unusual; time or place known or which should be known that communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location, in violation of 15 U.S.C. §1692c(a)(1);

d.  When it communicated with someone other than the Plaintiff when they spoke with Plaintiff's mother, in connection with the collection of the alleged debt, in violation of 15 U.S.C. §1692c(b);

e.  Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, by calling Plaintiff repetitively, in violation of 15 U.S.C.§1692d;

f.  When it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff, in violation of 15 U.S.C. §1692d(5);

g.  When it used false, misleading and deceptive means in connection with the collection of an alleged debt, in violation of 15 U.S.C. §1692e;

h.  When it represented or implied that nonpayment of any debt will result in the seizure of Plaintiff's property, in violation of 15 U.S.C. §1692e(4);

i.  When it threatened to take any legal action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §1692e(5);

j.  When it made a false representation that the consumer committed any crime or other conduct in order to disgrace the consumer by calling Plaintiff's mother, in violation of 15 U.S.C. §1692e(7);

k.  When it used false representation or deceptive means to collect a debt, in violation of 15 U.S.C. §1692e(10);

l.  Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

m.  When it failed to validate the debt within 5 days after communicating with Plaintiff by sending written notice containing the amount of debt, name of creditor, etc., in violation of 15 U.S.C. §1692g(a); and

n.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARK ANTHONY CRISCIO, respectfully pray for a judgment as follows:

a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARK ANTHONY CRISCIO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,


MARK ANTHONY CRISCIO,
By his Attorney,


*/s/* Angela K. Troccoli
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
60 Hartford Pike, PO Box 325
Dayville, CT 06241
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@lemonlaw.com

Dated: June 13, 2011